Filed 2/14/25

**CERTIFIED FOR PARTIAL PUBLICATION***

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| CAVALRY SPV I, LLC AS ASSIGNEE OF CITIBANK, N.A., | ) 24APLC00124 |
| | ) |
| | ) Norwalk Trial Court |
| Plaintiff and Respondent, | ) |
| | ) No. 22NWLC08042 |
| v. | ) |
| | ) |
| STAN POALSTON, | ) |
| | ) **OPINION** |
| Defendant and Appellant. | ) |
| | ) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lillian Vega Jacobs, Judge. Reversed.

Stan Poalston, in pro. per., for Defendant and Appellant.

John Gordon and Robert Scott Kennard, Nelson & Kennard, for Plaintiff and Respondent.

\*          \*          \*

_____
\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the part in the Discussion with the heading <u>Good Faith Argument</u>.

1

Defendant Stan Poalston appeals the judgment in favor of plaintiff Cavalry SPV I, LLC as Assignee of Citibank, N.A., entered following a court trial in plaintiff's action for account stated and money lent. Defendant contends reversal is required, because the court erred in denying his motion to bar a witness from testifying that was not disclosed pursuant to his request for a statement of the names and addresses of the witnesses (Code Civ. Proc., § 96),[1] and because there was no showing records admitted into evidence were sufficiently trustworthy to qualify under the business records exception to the hearsay rule (Evid. Code, § 1271, subd. (d)). As discussed below, we agree with defendant's first point, and reverse the judgment on this basis.

In response to defendant's request for a statement of the names and addresses of the witnesses, plaintiff only stated the "Custodian of Records" would testify, without providing the name and address of an individual. Based on noncompliance with section 96, the court was required to prohibit the witness from testifying at trial. (§ 97, subd. (a).) Contrary to plaintiff's arguments in the trial court and on appeal, we hold, as a matter of first impression, the request was not untimely under section 96, subdivision (b) (requiring a request to be made "no more than 45 days or less than 30 days prior to the date first set for trial"), because the request was sent to plaintiff within the specified period prior to the date first set for trial following the court having granted defendant's motion for a new trial in a prior trial between the parties in the case.

BACKGROUND

Plaintiff's action was filed on April 6, 2022. On the same date, the court issued a notice setting the case for trial on April 12, 2023. Defendant filed an answer, and the trial was continued to June 2, 2023. On June 2, 2023, the trial was conducted, and judgment in favor of plaintiff was rendered.

On July 26, 2023, the court granted defendant's motion for a new trial, and vacated the judgment entered against him. Also on July 26, 2023, the court issued a notice setting the case for trial on February 29, 2024.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Plaintiff on February 2, 2024, filed a witness list, indicating as witnesses: "1. Custodian of Records for CAVALRY SPV I, LLC whose address is in care of Nelson and Kennard, 5011 Dudley Blvd., Bldg. 250, Bay G, McClellan, California 95652," and "2. Custodian of Records for Citibank, N.A. whose address is 5800 S. Corporate Drive, Sioux Falls, South Dakota 57108." The list also included Donald Kaufman, Sonya Torres, Matthew Roberts, and Enrique Sanchez (identified as Cavalry employees and representatives), and defendant's name.

On April 9, 2024, defendant filed a motion in limine, arguing, inter alia, plaintiff's custodians of records for Cavalry and Citibank should be precluded from testifying based on plaintiff's noncompliance with section 96. Defendant noted he provided plaintiff with his section 96 request for a statement of the names and addresses of the witnesses, and in response, plaintiff listed two custodians of records without stating the names and addresses of the witnesses as required by the statute.[2] Defendant argued preclusion of testimony was required because plaintiff did not comply in good faith with section 96.

Plaintiff filed an opposition to the motion. With regard to prohibiting testimony due to noncompliance with section 96, plaintiff indicated that, prior to the first trial in the case in 2023, defendant served a request for a statement of the names and addresses of the witnesses, and plaintiff complied by giving defendant a statement that, like the one given to defendant in 2024, identified the "Custodian of Records" for Cavalry and for Citibank without listing the witnesses' names and addresses. Plaintiff noted the first judgment was vacated, a new trial was granted, the case was again set for trial, and defendant on January 17, 2024, served plaintiff with a second section 96 request. Plaintiff stated it served on defendant an objection to the second request, "on the basis that the request must be served 'no more than 45 days or less than

---

[2]Section 96, subdivision (a), indicates a party may serve on the other party a request stating, "You are requested to serve on the undersigned, within 20 days, a statement of: the names and addresses of witnesses (OTHER THAN A PARTY WHO IS AN INDIVIDUAL) you intend to call at trial; a description of physical evidence you intend to offer; and a description and copies of documentary evidence you intend to offer or, if the documents are not available to you, a description of them. Witnesses and evidence that will be used only for impeachment need not be included. YOU WILL NOT BE PERMITTED TO CALL ANY WITNESS, OR INTRODUCE ANY EVIDENCE, NOT INCLUDED IN THE STATEMENT SERVED IN RESPONSE TO THIS REQUEST, EXCEPT AS OTHERWISE PROVIDED BY LAW." (Capitalization in original.)

30 days prior to the date *first set for trial.*'" (Italics in original.) Plaintiff contended it did not name the Cavalry custodian of record witness, because it would not know until the time of trial if each of the four Cavalry employees and representatives in its witness list may be unavailable, and if they are unavailable, a non-listed person will have to appear as the custodian. Plaintiff also asserted it did not list the name of the Citibank custodian, because Citibank, as the assignor of defendant's debt to plaintiff, agreed to provide a representative for trial, but "[p]laintiff has no ability to be more specific regarding the identity of the individual." Plaintiff argued it "complied fully with CCP §96, and testimony from the 'Custodian of Records' witnesses from [Cavalry] and [Citibank] should not be excluded."

In his reply filed with the court, defendant argued that naming four people who may be called as Cavalry's custodian of records, and then listing a generic "Custodian of Records," did not comply with section 96. Defendant also argued it was likely plaintiff knew who the Citibank custodian was going to be, and the person should have been disclosed pursuant to his request for a statement of the names and addresses of the witnesses.

On February 23, 2024, the trial was continued to May 8, 2024. On May 8, 2024, the trial began, and plaintiff called as a witness Bryan Romano as Citibank's custodian of records. The court indicated defendant filed an in limine motion to exclude witnesses, and stated the parties needed to address the motion prior to proceeding.

Plaintiff's counsel told the court, "[T]he request for CCP 96 from [defendant] in this matter was a second request. CCP 96 is required to be served prior to the date first set for trial, which was back in April 2023. And therefore, we believe this second attempt was untimely. [¶] And in addition, there was no court order allowing a second service of CCP 96." Defendant submitted based on his written motion without argument. The court stated, "If counsel is able to lay the foundation to properly have Mr. Romano testify as to any exhibits coming in under a business records exception . . . I will hear the parties then. [¶] If he lays the proper foundation, then I will allow that testimony. If he does not, I will not allow that testimony. But otherwise, the defendant's motions are denied."

4

Romano testified he was familiar with Citibank's record keeping business practices and how the records are prepared and maintained, and he identified documents introduced as exhibits as Citibank's credit card billing statements issued to defendant. The final payment made on the account was received on April 19, 2020, and the unpaid balance on the account as of the cycle ending on January 22, 2021, was $6,601.01. Romano further identified a bill of sale from Citibank to Cavalry, dated March 25, 2021, assigning Citibank's right to collection on the account.

Sonya Torres testified she was an attorney network analyst for Cavalry, and was familiar with Cavalry's practice of obtaining and maintaining business records. Torres reviewed business records relating to the debt owed to Cavalry, and she identified the March 25, 2021, bill of sale as encompassing a pool of accounts sold to Cavalry by Citibank. Torres added that, on behalf of plaintiff, she was requesting $485.79 in court costs in addition to the amount defendant owed, for a total judgment of $7,086.80.

At the conclusion of the trial, the court rendered judgment in favor of plaintiff, in the total amount of $7,086.80. Defendant filed a timely notice of appeal from the judgment.

DISCUSSION

Standard of Review and the Issue Presented

Discovery rulings are generally reviewed to determine if the court abused its discretion. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 970; *Condon-Johnson & Associates, Inc. v. Sacramento Municipal Utility Dist.* (2007) 149 Cal.App.4th 1384, 1392.) However, because the present appeal turns on an interpretation of statutes, based on undisputed facts, we exercise de novo review. (*Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, *supra*, 166 Cal.App.4th at p. 970.)

Defendant argues the court erred in denying his motion to prohibit Romano from testifying as Citibank's custodian of records, because plaintiff failed to comply with his section

5

96 request for a statement of the names and addresses of the witnesses.[3]  Plaintiff does not dispute the response it provided to the request failed to list the name of its Citibank custodian of records, and that Romano was not listed as one of its witnesses.  Plaintiff argues the court did not err in denying the in limine motion, as defendant's January 17, 2024 request for a statement of the names and addresses of the witnesses was untimely because it was not served "no more than 45 days or less than 30 days prior to the date first set for trial" (§ 96, subd. (b)) given the "trial was first noticed for hearing on April 12, 2023."

The record shows the case was first set for trial on April 12, 2023, defendant made a request for a statement of the names and addresses of the witnesses, and plaintiff responded by giving defendant a statement generically identifying the "Custodian of Records" for Cavalry and for Citibank without listing the individual witnesses' names.  When the court granted defendant's motion for a new trial on July 26, 2023, the case was set for trial to be conducted on February 29, 2024, and the trial was subsequently continued to May 8, 2024.

If, as maintained by plaintiff, the section 96, subdivision (b), period is calculated based on when the case was first set for trial in 2023, defendant's January 17, 2024 request for a statement of the names and addresses of the witnesses was untimely, because it was not filed "no more than 45 days or less than 30 days" prior to the April 12, 2023, trial date.  If the period is calculated based on when the trial was first noticed for a hearing after the motion for a new trial was granted, then the motion was timely, as the January 17, 2024 request was no more than 45 days or less than 30 days prior to February 29, 2024.[4]

To resolve the appeal, we interpret the section 96, subdivision (b), requirement that, to be timely made, a request for a statement of the names and addresses of the witnesses must be made "no more than 45 days or less than 30 days prior to the date first set for trial."

---

[3]Defendant also maintains, as noted above, the court erred in admitting documents because they amounted to inadmissible hearsay.  But, given our disposition, we do not address whether evidentiary error occurred.

[4]A date no more than 45 days or less than 30 days from February 29, 2024, would be one between January 15 and January 30, 2024.

We determine that, when a motion for a new trial is granted, the relevant time period is the date when a case is first set for trial following an order granting a new trial.

Statutory Language Indicative of Legislative Intent

To discern the intent of the Legislature, we start with the words in the statute. "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.]" (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) "If the language permits more than one reasonable interpretation, however, the court looks 'to a variety of extrinsic aids, including the ostensible objects to be achieved, [and] the evils to be remedied . . . . [Citation.]" (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 977; see also *Jones v. Tracy School Dist.* (1980) 27 Cal.3d 99, 118 [other indicia of legislative intent include a statute's legislative history].)

Section 96 applies in cases, as the present one, involving economic litigation in limited civil jurisdiction actions. (§ 90 et seq.; see § 86, subd. (a)(1) [a limited civil case is one where the damages are $35,000 or less].) Section 96, subdivision (a), allows a party to make a request to an opposing party of "the names and addresses of witnesses . . . you intend to call at trial." Section 96, subdivision (b), states, "The request shall be served no more than 45 days or less than 30 days prior to the date first set for trial, unless otherwise ordered."[5]

Section 97, subdivision (a), states, "Except as provided in this section, upon objection of a party who served a request in compliance with Section 96, no party required to serve a responding statement may call a witness or introduce evidence, except for purposes of impeachment, against the objecting party unless the witness or evidence was included in the statement served." An exception is listed in section 97, subdivision (b)(5): "The court may, upon such terms as may be just (including, but not limited to, continuing the trial for a reasonable period of time and awarding costs and litigation expenses), permit a party to call a witness or introduce evidence which is required to be, but is not included in such party's

---

[5]Section 96 also provides, "(c) A statement responding to the request shall be served within 20 days from the service of the request. [¶] (d) No additional, amended or late statement is permitted except by written stipulation or unless ordered for good cause on noticed motion. [¶] (e) No request or statement served under this section shall be filed, unless otherwise ordered. [¶] (f) The clerk shall furnish forms for requests under this rule. [¶] (g) The time for performing acts required under this section shall be computed as provided by law, including Section 1013."

statement so long as the court finds that such party has made a good faith effort to comply with subdivision (c) of Section 96 or that the failure to comply was the result of his or her mistake, inadvertence, surprise or excusable neglect as provided in Section 473."

The word "first" in section 96, subdivision (b)'s "The request shall be served no more than 45 days or less than 30 days prior to the date first set for trial" is defined by the dictionary as "preceding all others in time, order, or importance." (Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/first> [as of Feb. 13, 2025]; see *Consumer Advocacy Group, Inc. v. Exxon Mobil Corp.* (2002) 104 Cal.App.4th 438, 444 [to ascertain the common meaning of a word in a statute, "a court typically looks to dictionaries"].) But, in the present context, the use of the word is ambiguous, because it is not clear as to what "first" refers to: for example, the word "first" could refer to the first time a trial is set after an action is filed, and it could also refer to the first time it is set following a new trial having been granted.

Resolving Statutory Ambiguity

We are guided by the California Supreme Court's interpretation of a discovery statute in *Fairmont Ins. Co. v. Superior Court* (2000) 22 Cal.4th 245, 247 (*Fairmont*). The provision at issue in the opinion, former section 2024, subdivision (a) (renumbered § 2024.020, subd. (a)), stated the cutoff date for completion of discovery proceedings under the Civil Discovery Act (renumbered § 2016.010 et seq.) is 15 days "before the date initially set for the trial of the action."[6] *Fairmont* granted review to resolve whether, when a new trial is granted, discovery is reopened and the cutoff date is calculated based on the date set for the new trial; or whether the discovery cutoff must be calculated based on the initial date set for trial following the filing of the action, irrespective of the date set following the granting of a new trial. (*Fairmont*, *supra*, 22 Cal.4th at p. 247.) Agreeing with a Court of Appeal opinion that had previously analyzed the issue (*Beverly Hospital v. Superior Court* (1993) 19 Cal.App.4th 1289 (*Beverly Hospital*)), the California Supreme Court held, "*Beverly Hospital* is correct: in the case of a mistrial, order

---

[6]For purposes of economic litigation in limited civil jurisdiction cases, the Civil Discovery Act's 15-day cutoff does not override the time limits listed in section 96, subdivision (b). (See § 90 [stating all provisions of law generally applicable to civil actions apply, "[e]xcept where changed by the provisions of this article"].)

granting a new trial, or remand for a new trial after reversal of a judgment on appeal, the last date for completing discovery is 15 days before the date initially set for the new trial of the action." (*Fairmont*, *supra*, 22 Cal.4th at p. 247.)

Examining the words used by the statute, *Fairmont* found, "In the context of an action that has not yet proceeded to trial or otherwise resulted in a dispositive judgment, the phrase 'date initially set for the trial of the action' ([former] Code Civ. Proc., § 2024, subd. (a)) is unambiguous. In such instance, it plainly refers to the *first* date set for trial of the action. . . . [¶] In the context of an action that has been set for a *new trial* after a mistrial, an order granting a new trial, or remand for a new trial after appellate reversal of a judgment, the meaning of the phrase 'before the date initially set for trial of the action' is less clear." (*Fairmont*, *supra*, 22 Cal.4th at p. 250.) *Fairmont* noted the Court of Appeal in its case refused to follow *Beverly Hospital*, relying "exclusively on a dictionary definition of the word 'initially' as meaning 'at the beginning; at first,' concluding that it necessarily referred to the *original* trial date for the action. [Citation.] The dictionary definition, however, does not resolve the question. As *Beverly Hospital* observed, although it is plausible to construe the statute as referring to the 'first' or 'beginning' date set for the *original* trial, it is also plausible, and more in accord with the plain language of the statute, to construe the statute as also referring to the 'first' or 'beginning' date set for the actual trial scheduled in the action after a mistrial, an order granting a new trial, or remand for a new trial after reversal on appeal. [Citation.]" (*Ibid.*, citing *Beverly Hospital, supra,* 19 Cal.App.4th at pp. 1291, 1293-1294.)

The California Supreme Court was persuaded the interpretation of the statute provided by *Beverly Hospital* was consistent with the intent of the Civil Discovery Act of "promoting discovery by permitting parties to fully inform themselves of the facts, expediting efficient trial preparation, and reducing time-consuming and costly litigation over discovery disputes." (*Fairmont*, *supra*, 22 Cal.4th at pp. 252-253.) *Fairmont* indicated, "In the typical case, when a new trial is required, the nature and scope of the issues will have been affected, requiring substantial investigation of new points or issues that were not adequately addressed in the original proceedings. . . . Reopening discovery may serve to clarify facts and eliminate gaps in

the evidence that resulted in the need for a new trial in the first place." (*Id.* at p. 253; see also *Beverly Hospital*, *supra*, 19 Cal.App.4th at p. 1295 ["we believe permitting additional discovery following a mistrial, order granting new trial or reversal on appeal is consistent with the overall purposes of the discovery rules to facilitate trial preparation, expedite trial and encourage settlement"].)

The operative words used by former section 2024, subdivision (a) (cutting off discovery 15 days "before *the date initially set for the trial* of the action") and section 96, subdivision (b) (requiring a request for discovery be made "no more than 45 days or less than 30 days prior to *the date first set for trial*") are very similar. (Thesaurus.com <https://www.thesaurus.com/browse/first> [as of Feb. 13, 2025] ["initial" is a strong synonym of "first"]; see, e.g., *Assn. of California Ins. Companies v. Jones* (2017) 2 Cal.5th 376, 391 [using thesaurus in interpreting statutory language].) Both statutes are ambiguous when discovery is sought after a new trial is granted, as to whether "initially set" or "first set" refers to the date set for the original trial, or the date set for trial following a mistrial. As with *Fairmont*'s and *Beverly Hospital*'s resolution of the ambiguity, we determine interpreting the statute to allow a request for a statement of the names and addresses of the witnesses to be made based on the date set following the granting of a new trial best effectuates legislative intent.

When the statutes governing economic litigation in limited civil jurisdiction cases, including sections 96 and 97, were enacted in 1982, an uncodified section of the bill stated, "The Legislature finds and declares that the costs of civil litigation have risen sharply in recent years. This increase in litigation costs makes it more difficult to enforce smaller claims even though the claim is valid or makes it economically disadvantageous to defend against an invalid claim. [¶] The Legislature further finds and declares that there is a compelling state interest in the development of pleading, pretrial and trial procedures which will reduce the expense of litigation to the litigants in cases . . . ." (Stats. 1982, ch. 1581, § 5, p. 6230; see *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 925 [statements in an uncodified section constitute legislative history which "'properly may be utilized as an aid in construing a statute'"].)

If the date a case is first set for trial after the case is filed is used to calculate the cutoff for making a section 96 request for a statement of the names and addresses of the witnesses, in practical effect, use of the request procedure as a matter of right would be barred every time a motion for a new trial is granted and the case is reset for trial. In every such instance, the requirement that the request be made no more than 45 days prior to the date set for trial would not be complied with, depriving a party of the right to a valuable discovery tool solely on the basis that a new trial has been ordered, even though different witnesses may be called at a retrial. On the other hand, allowing a request to be made following the granting of a new trial would allow a party to expeditiously determine if an opposing party will be using the same or different witnesses at a second trial, and thereby decide if additional discovery and investigation is required, furthering the purpose of reducing the expense of litigation in cases. Permitting the use of a section 96 request as a matter of right when the request is made no more than 45 days or less than 30 days prior to the date first set for trial following a retrial would also obviate the need for wasteful litigation on whether a late demand should be allowed at the court's discretion. (See § 96, subd. (b) [providing the "no more than 45 days or less than 30 days" time limit applies "unless otherwise ordered"]; cf. *Fairmont*, *supra*, 22 Cal.4th at p. 252 ["requiring the parties to seek leave for any additional discovery in the case of a new trial would run counter to the principal aims of the Discovery Act"].)

Application to Case *Sub Judice*

At the trial, plaintiff argued defendant's in limine motion should be denied because it was untimely, given "the date first set for trial, which was back in April 2023." However, since the request for a statement of the names and addresses of the witnesses was filed "no more than 45 days or less than 30 days prior to the date first set for trial" on February 29, 2024--the first date set for trial following the granting of the motion for a new trial--the request was timely.

Repeating its trial argument that "there was no court order allowing a second service of CCP 96," plaintiff on appeal maintains the court did not err in denying defendant's in limine motion based on failure to comply with the request for a statement of the names and addresses of the witnesses because "there was no order from the court that entitles [defendant] to make

11

this demand." We reject the argument, because since the request was timely, there was no need for defendant to move for a court order under section 96, subdivision (b), to excuse the untimeliness of the request.

Defendant maintains, "had the [c]ourt followed C.C.P. § 97 and excluded the testimony of [Romano], it is likely that a different result would have been reached and that judgment would have been entered in favor of [defendant]." We agree defendant was prejudiced by the court's error in denying his in limine motion. (See *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.* (2014) 225 Cal.App.4th 786, 799 ["A judgment of the trial court may not be reversed on the basis of the erroneous admission of evidence, unless that error was prejudicial" and "[t]he record must show that the appellant 'sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed'"].) The court was required to prohibit the testimony of Romano, the witness that testified at trial as Citibank's custodian of records (§ 97, subd. (a)), and without the witness's testimony concerning the records documenting defendant's Citibank account and indebtedness, the Citibank records would have been inadmissible as evidence and plaintiff would not have proved its action.

Good Faith Argument* [NOT CERTIFIED FOR PUBLICATION]

Citing section 97, subdivision (b), plaintiff states in the respondent's brief, "The court may allow a party who was not named specifically to testify if the court finds that the party acted in good faith." As noted above, section 97, subdivision (b)(5), provides an exception to the rule that parties who do not comply with section 96 requirements are barred from calling witnesses at trial, "so long as the court finds that such party has made a good faith effort to comply with subdivision (c) of Section 96 or that the failure to comply was the result of his or her mistake, inadvertence, surprise or excusable neglect as provided in Section 473."
We conclude the judgment cannot be affirmed based on the good faith exception in section 97 to barring witness testimony, because there was no competent evidence before the trial court that plaintiff's attorneys acted in good faith.

*See footnote, *ante*, first page of opinion.

In general, good faith or its absence is a question of fact.  (See *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 183 [determining whether a plaintiff acted in good faith for purposes of recovery of fees under § 1038]; *Critz v. Farmers Ins. Group* (1964) 230 Cal.App.2d 788, 796 [reviewing if insurance company acted in good faith in refusing to settle].)  "'Because the good faith issue is factual, the question on appeal will be whether the evidence of record was sufficient to sustain the trial court's finding.'  [Citation.]"  (*Clark v. Optical Coating Laboratory, Inc.*, *supra*, 165 Cal.App.4th at p. 183.)  The trial court, in denying defendant's in limine motion, did not state why it did so, and under "the doctrine of implied findings . . . the appellate court is required to infer that the trial court made all factual findings necessary to support the order or judgment.  [Citations.]"  (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1271-1272.)  But, we determine there were no facts properly before the court for it to find plaintiff acted in good faith.

Plaintiff, in its opposition to defendant's in limine motion, argued it complied with section 96, explaining its arrangement with Citibank to provide witnesses and how plaintiff "has no ability to be more specific regarding the identity of the individual."  But, the assertions were not made under penalty of perjury, and no declaration was provided to support them.  (See §§ 2009 [affidavits may be used in support of motions], 2015.5 [a declaration made under penalty of perjury has the same "force and effect" as an affidavit administered under oath]; see also *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 605 ["Under limited statutory circumstances, written out-of-court statements, though hearsay, may serve as competent evidence of the facts set forth therein, and may be used in lieu of other competent evidence, such as live testimony given under oath in court"].)  Plaintiff's representations in its opposition thus did not constitute evidence that could be relied on by the trial court. At the trial, plaintiff's counsel argued defendant's motion should be denied.  "[A]ttorneys are officers of the court and 'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.'"  (*Aceves v. Superior Court* (1996) 51 Cal.App.4th 584, 594, quoting *Holloway v. Arkansas* (1978) 435 U.S. 475, 485-486; see *People v. Laudermilk* (1967) 67 Cal.2d 272, 286 [describing "statements of a responsible officer of the

court as tantamount to sworn testimony"].) However, counsel did not mention plaintiff's arrangement with Citibank or how counsel had no ability to name the custodian of records witness, instead, arguing "the request for CCP 96 from [defendant] in this matter was a second request. CCP 96 is required to be served prior to the date first set for trial, which was back in April 2023. And therefore, we believe this second attempt was untimely. [¶] And in addition, there was no court order allowing a second service of CCP 96." Hence, counsel's statements at trial also did not amount to evidence of it having acted in good faith.

## DISPOSITION

The judgment is reversed. Defendant to recover costs on appeal.


_____
Ricciardulli, J.

We concur:


_____          _____
P. McKay, P. J.                                  Kumar, J.